# NO. 12-23-00300-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DARRYL WAYNE HOOD,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Darryl Wayne Hood appeals his conviction for possession of a controlled substance. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with possession of a controlled substance, namely methamphetamine, in an amount of four grams or more but less than two hundred grams.[1] The indictment contained two enhancement paragraphs alleging that Appellant was previously convicted of delivery of a controlled substance and possession of a controlled substance. Appellant

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West Supp. 2023).

pleaded "not guilty," and the matter proceeded to a jury trial, at which Appellant invoked his right to represent himself.

According to the evidence presented at trial, Officer Kelly Womack with the Tyler Police Department responded to a call regarding a domestic disturbance at an apartment complex. The complainant reported that Appellant had been "banging" on her door at approximately 2:30 a.m. After learning that Appellant was in his vehicle in an adjacent parking lot, Womack located Appellant's vehicle, awakened Appellant, and noticed the smell of alcohol.[2] According to Womack, Appellant appeared to be intoxicated and did not comply with Womack's request for identification. Officer David Alexander arrived as backup. Womack observed "a lot of money" in the floorboard of Appellant's vehicle, and he decided to detain Appellant for Appellant's safety because he seemed intoxicated, and his behavior was "erratic" and "unpredictable."

When Womack and Alexander attempted to detain and handcuff Appellant, he tried to escape. Appellant struggled against the officers and briefly broke partially free, but the officers eventually handcuffed Appellant. The officers searched Appellant's pockets and found Appellant's identification card and an eyeglass case. Upon opening the case, Womack saw "a baggie containing multi-colored pills." The officers arrested Appellant for possession of a controlled substance, resisting arrest, and public intoxication. A forensic scientist with the Department of Public Safety crime lab tested twenty-three of the pills recovered from Appellant and determined that they contain a total of 4.21 grams of methamphetamine.

The jury found Appellant "guilty." Appellant pleaded "not true" to the two enhancement paragraphs. At the conclusion of the punishment phase, the jury found both enhancement paragraphs "true" and assessed punishment at imprisonment for life. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous*. Appellant's counsel relates that he diligently reviewed the record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents

---

[2] Womack's body camera video was admitted into evidence and published to the jury.

a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[3] We likewise reviewed the record for reversible error and found none. *See **Bledsoe v. State**,* 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We conclude that the appeal is wholly frivolous.

## CONCLUSION

As required by ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel hmoved for leave to withdraw. *See also **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we grant counsel's motion for leave to withdraw and affirm the trial court's judgment. *See* TEX. R. APP. P. 43.2(b).

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or file a pro se petition for discretionary review. *See **In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion, or if a motion for rehearing is filed, the date that the last timely motion for rehearing is overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered August 15, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[3] In compliance with ***Kelly v. State***, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See **Kelly v. State***, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief has expired and no pro se brief has been filed.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 15, 2024**

**NO. 12-23-00300-CR**

**DARRYL WAYNE HOOD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-0219-21)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*